IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **LEONARD RUSSELL ALLISON,** | ) |
| **Plaintiff,** | ) ) ) |
| v. | ) ) CIVIL ACTION NO. 03-0369-CG-L |
| **MARTIN TRANSPORT, INC.,** *et al.*, | ) ) ) |
| **Defendants.** | ) |

### ORDER

This matter is before the court on defendants' motion to strike/motion to exclude plaintiff's testimony as an expert witness and plaintiff's response. (Docs. 43, 57).

**I.   BACKGROUND**

Plaintiff brings this negligence action in a representative capacity on behalf of the estate of his deceased son. (Doc. 1). The decedent, Blake Michael Allison, suffered fatal injury from a collision occurring between the car in which he was a passenger and a commercial eighteen-wheeler owned by defendant Martin Transport, Inc., and driven by defendant Ronald Gail Matthews. Id.

Plaintiff is a licensed commercial truck driver and seeks to testify in this lawsuit as an expert "with regard to Department of Transportation's Federal Motor Carrier Safety Regulations and with regard to what a reasonably prudent commercial vehicle driver would have been able to observe from the vantage point of the driver's seat of a commercial vehicle such as the one operated by defendants." (Doc. 57).

## II. LEGAL STANDARDS

A three-pronged test controls the determination of whether expert opinion evidence is admissible. Admission is proper if "(1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in Daubert [v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993)]; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue."

Hudgens v. Bell Helicopters/Textron, 328 F.3d 1329, 1338 (11th Cir. 2003) (quoting City of Tuscaloosa v. Harcros Chem., Inc., 158 F.3d 548, 562 (11th Cir. 1998).

If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

FED. R. EVID. 701.

If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

FED. R. EVID. 702.

## III. DISCUSSION

Looking to both FRE 701 and 702, the court finds that the designation of plaintiff as an "expert" to testify about the Department of Transportation's Federal Motor Carrier Safety Regulations is unnecessary and unwarranted. If and when certain of the regulations are ruled relevant to the issues at trial, and plaintiff introduces the regulations into evidence, to the extent his testimony is also deemed

relevant, plaintiff will be allowed to testify about the regulations. See, e.g., Gordon v. U.S., 344 U.S. 414, 421 (1953) ("The elementary wisdom of the best evidence rule rests on the fact that the document is a more reliable, complete and accurate source of information as to its contents and meaning than anyone's description").

Similarly, the court finds that there is no need for plaintiff to be classified as an expert in order to testify as to what a commercial truck driver would have been able to observe from the vantage point of the driver's seat of a commercial vehicle such as the one operated by defendants. It appears from the record that plaintiff has in fact driven a commercial vehicle across the intersection where the accident occurred and, if true, and deemed relevant at trial, plaintiff would be able to testify in his capacity as one who has personally experienced the view in question. In short, neither situation is one in which "scientific, technical, or other specialized knowledge" is necessary and therefore plaintiff will not be classified as an expert witness at trial.

## CONCLUSION

After due consideration and in light of the foregoing the court finds that defendants' motion to strike/motion to exclude the plaintiff's expert witness is due to be **GRANTED AS FOLLOWS**:

At trial plaintiff may testify in accordance with the tenets of FED. R. EVID. 701, but will not be allowed to present testimony or evidence under FED. R. EVID. 702.

**DONE and ORDERED** this 21st day of April, 2005.

/s/ Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE