IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LEONARD RUSSELL ALLISON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 03-0369-CG-L |
| ) | |
| MARTIN TRANSPORT, INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |

### ORDER

This matter is before the court on plaintiff's motion to strike/motion to exclude defendants' expert witness, defendants' response, and plaintiff's reply (Docs. 58, 62, 63).

Defendants have identified Al Gonzales as their expert witness. (Doc. 49). Plaintiff does not contest Mr. Gonzales' qualification to serve as an expert witness, but rather seeks to exclude the proposed testimony of Mr. Gonzales on the grounds that plaintiff has been prejudiced by defendants' failure to comply with FED.R.CIV.P. 26(a)(2)(B). Id.

FED.R.CIV.P. 26(a)(2)(B) requires the disclosure of an expert witness' name to be accompanied by "a written report[1] prepared and signed by the witness". Id.

> The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by

---

[1] This written report is required when the expert is one who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony. Mr. Gonzalez is clearly a retained expert.

1

the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

Id.

Regarding this requirement, the Eleventh Circuit recently stated that:

[n]otice of the expert witness' name is not enough. Each witness must provide a written report containing "a complete statement of all opinions to be expressed and the basis and reasons therefor," as well as information about the data considered, the witness' qualifications, the compensation earned, and any other recent cases in which he or she offered testimony. [FED.R.CIV.P. 26(a)(2)(B)]. Any party that "without substantial justification" fails to disclose this information is not permitted to use the witness as evidence at trial "unless such failure is harmless." FED.R.CIV.PROC. 37(c)(1). The district court may impose other appropriate sanctions in addition to or in lieu of the evidentiary exclusion. Id.

Prieto v. Malgor, 361 F.3d 1313, 1317 -1318 (11th Cir. 2004).

Rule 26(a) disclosures are to be made at the times directed by the court . FED.R.CIV.P. 26(a)(2)(C) .

**DISCUSSION**

The Rule 16(b) Scheduling Order entered in this case, (Doc. 9), as amended by the court's order of November 26, 2003, (Doc. 16), required the defendant to produce any Rule 26(a)(2)(B) expert reports to the plaintiff on or before February 4, 2004.  By letter dated January 15, 2004, defendants provided plaintiff with "my expert disclosure information." (Doc.62, Exhibit A).  Defendant states that the January 15, 2004, letter identified both Wade Gonzales and Al Gonzales as expert witnesses, together with their "CV's and a summary of opinions." (Doc. 62 at 2).  According to defendants, "[i]n the cover letter sent to Plaintiff's counsel with the expert disclosure, it was stated that

the Defendants did not anticipate the expert witnesses giving a written report, but that they would be made available for deposition at the Plaintiff's convenience." Id.   Plaintiff's counsel responded by letter dated January 21, 2004, saying,

> At this time I appreciate the expert witness disclosure information supplied with your letter.  However, I think there are some respects in which the report does not comply with Rule 26.  I am not intending to make any big deal about this, but it would help me in preparing this case if I received from Mr. Gonzales a report that states the precise nature of his opinions and the facts on which he relies as well as the other Rule 26 materials.  Although I anticipate that his deposition may be necessary, it is possible that a complete Rule 26 report may eliminate the need for the taking of his deposition.

Plaintiff requested a written report that met the requirements of FED.R.CIV.P. 26(a)(2)(B) on at least five separate occasions.  (Doc. 58, Exhibits B, C, F, G, H).  Defendants provided a memo from Gonzales & Associates, referencing "analyses to date" which defendants refer to as a written report. (Doc. 58, Exhibit A).  The five-page memo references a number of facts that the drafters[2] of the memo needed but did not have, presumably in order to issue a final report.  Those facts included the position at which the tractor-trailer stopped before turning toward the truck stop, the manner in which the Trooper estimated the speed of the vehicle, and the substance of the statements made by two witnesses listed in the police report.  Id.  Under a section entitled "preliminary conclusions and opinions" (emphasis supplied), the memo contains various findings and notes that "if the collision occurred as the evidence to date [1/23/04] indicates, the Martin driver did not commit any uncalled for acts leading to this collision".  Id.

The court finds that this memo is not "a complete statement of all opinions to be expressed and

---

[2] As the unsigned memo is "from" both Al and Wade Gonzales, it is unclear which portions of the memo were drafted by defendants' expert.

the basis and reasons therefor". FED.R.CIV.P. 26(a)(2)(B). While the memo provides several conclusions and indicates the Gonzales' findings as of January 23, 2004, it does not serve the purpose of the written report required under Rule 26(a)(2)(B). Simply put, the memo does not adequately provide plaintiff with clear notice of all opinions to be expressed at trial and a detailed account of the methodology used to arrive at the conclusions reached, in order that plaintiff may prepare to impeach the witness at trial.

Defendants attempt to shift the blame for this lack of information to plaintiff, arguing that plaintiff could have deposed Mr. Gonzales if he wanted the information that would have been contained in a complete FED.R.CIV.P. 26(a)(2)(B) report. Plaintiff repeatedly stated that he was not inclined to depose Mr. Gonzales, a resident of Louisiana, until *after* reading his FED.R.CIV.P. 26(a)(2)(B) report, an imminently sensible position since that is what the Rules require. See Doc. 58; Exhibit C ("I do not, however, wish to take his deposition until you furnish me with his final report"), Exhibit F ("Although I anticipate that [Mr. Gonzales'] deposition may be necessary, it is possible that a complete Rule 26 report may eliminate the need for the taking of his deposition."), and Exhibit G ("Before taking these depositions, I would appreciate. . .a complete Rule 26 report from your expert. As I mentioned in my prior correspondence, it is possible that a complete Rule 26 report may eliminate the need for scheduling your expert's deposition.").

The Gonzales & Associates memo gives plaintiff an indication of what Al Gonzales would say if he took to the stand, namely that the fault for the accident does not lie with defendants, but does not provide a detailed accounting of the methodology utilized such that plaintiff could reasonably prepare to impeach Al Gonzales' trial testimony. Though Al Gonzales' curriculum vitae was apparently provided,

satisfying the witness-qualification prong of Rule 26(a)(2)(B), there is no indication as to the compensation received by Gonzales & Associates for their services.  Similarly, the memo contains no mention of whether Mr. Gonzales has recently testified in any other cases.

Plaintiff, who was unable to depose the proffered expert because of the lack of a complete Rule 26 report, has been prejudiced by defendants' failure to comply with the rule.  The court finds that defendants have not shown "substantial justification" for their failure to provide a Rule 26(a)(2)(B) report and that such failure was not "harmless".  FED.R.CIV.PROC. 37(c)(1).  Therefore defendants will not permitted to use Al Gonzales as a witness at trial.  See FED.R.CIV.P. 26(a)(2)(B), FED.R.CIV.PROC. 37(c)(1), and Prieto, supra.

## CONCLUSION

After due consideration of all matters presented and for the reasons set forth herein, the court finds that plaintiff's motion to strike/motion to exclude the defendants' expert witness is due to be, and hereby is, **GRANTED**.

**DONE and ORDERED** this 21st day of April, 2005.

/s/ Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE