IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LEONARD RUSSELL ALLISON, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 03-0369-CG-L |
| ) | |
| MARTIN TRANSPORT, INC., *et al.*, ) | |
| ) | |
|     Defendants. ) | |

## OPINION AND ORDER

This matter is before the court defendants' motion for summary judgment and incorporated brief in support, plaintiff's response and brief in support and defendants' reply.[1] (Docs. 42, 54, 55, 59). The motion is due to be denied.

**I.   BACKGROUND**

On July 13, 2002, defendant Ronald Gail Matthews was driving an eighteen wheel tanker truck in the scope of his employment with defendant Martin Transport, Inc., eastbound on Highway 80 near Selma, Alabama. (Docs. 1, 42). At approximately 9:30 p.m., Mr. Matthews turned left across the westbound lanes of Highway 80 in order to enter a truck stop. Id. At some point during the turn there was a collision between the truck driven by Mr. Matthews and a motor vehicle in which Blake Michael Allison was a passenger. Id. The collision resulted in fatal injury to Blake Michael Allison. Id. Mr.

---

[1] The court has not considered any disputed evidence which is the subject of defendants' motion to strike (Doc. 60) in determining the merits of defendants' motion for summary judgment, and finds that the motion to strike (Doc. 60) is therefore **MOOT.**

1

Allison's father, Leonard Russell Allison, brings this suit in his capacity as personal representative of the estate of decent Blake Michael Allison.  Id.

## II.     SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be granted:

> if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Fed.R.Civ.P. 56(c).  As succinctly stated by the Eleventh Circuit:

> A factual dispute is genuine only if "a reasonable jury could return a verdict for the nonmoving party." United States v. Four Parcels of Real Property, 941 F.2d 1428, 1437 (11th Cir.1991) (citation omitted).  The moving party bears the burden of proving that no genuine issue of material fact exists. O'Ferrell v. United States, 253 F.3d 1257, 1265 (11th Cir.2001).  In evaluating the argument of the moving party, the district court must view all evidence in the light most favorable to the non-moving party, and resolve all reasonable doubts about the facts in its favor. Burton v. City of Belle Glade, 178 F.3d 1175, 1187 (11th Cir.1999).  Assuming the moving party has met its burden, the non-movant must then show a genuine
> dispute regarding any issue for which it will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

Information Systems and Networks Corp. v. City of Atlanta, 281 F.3d 1220, 1224-25 (11th Cir. 2002).  The purpose of summary judgment "is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Resolution Trust Corp. v. Dunmar Corp., 43 F.3d 587, 592 (11th Cir. 1995), cert. denied sub nom. Jones v. Resolution Trust Corp., 516 U.S. 817, 116 S.Ct. 74, 133 L.Ed.2d 33 (1995).

> In opposing a motion for summary judgment, "a party may not rely on his pleadings to avoid judgment against him." Ryan v. Int'l Union of Operating Eng'rs, Local 675, 794 F.2d 641, 643 (11th Cir. 1986).  There is no burden upon the district court to distill every potential argument that could be made based upon the materials before it on summary judgment. Blue Cross & Blue Shield v. Weitz, 913 F.2d 1544,

       1550 (11th Cir. 1990). Rather, the onus is upon the parties to formulate arguments; grounds alleged in the complaint but not relied upon in summary judgment are deemed abandoned. Road Sprinkler Fitters Local Union No. 669 v. Indep. Sprinkler Corp., 10 F.3d 1563, 1568 (11th Cir. 1994)(citing Lazzara v. Howard A. Esser, Inc., 802 F.2d 260, 269 (7th Cir. 1986)), cert. denied, 513 U.S. 868, 115 S.Ct. 189, 130 L.Ed.2d 122 (1994).

Id. at 599. The "complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The failure by the nonmoving party to make a sufficient showing on an essential element of its action entitles the moving party to judgment as a matter of law. Id. at 323, 106 S.Ct. at 2552.

    In a negligence action, such as the case at bar,

> "[t]he presence or absence of negligence is generally a question for a jury to determine; thus, a summary judgment is rarely appropriate in a negligence case. Beddingfield v. Central Bank of Alabama, N.A., 440 So.2d 1051, 1053 (Ala.1983). Findings on issues of negligence and contributory negligence turn on the unique facts of each case, Lowe's Home Centers, Inc. v. Laxson, 655 So.2d 943, 945 (Ala.1994), and should not ordinarily be disposed of by the trial court in a peremptory manner. Brown v. AAA Wood Products, Inc., 380 So.2d 784, 787 (Ala.1980). Likewise, the existence of proximate cause is usually an issue to be resolved by a jury. Davison v. Mobile Infirmary, 456 So.2d 14, 24 (Ala.1984). Where the evidence is such that fair-minded persons, in the exercise of impartial judgment, could differ in their finding as to whether there existed negligence that caused injury, the case should be submitted to a jury to determine legal liability. Lowe's, supra, at 945-46.

Curry v. Welborn Transport, 678 So.2d 158, 161 (Ala. Civ. App. 1996).

### III.    DISCUSSION

    The standard under Alabama law for dismissing a negligence action on summary judgment is high and, as noted above, the dismissal of a negligence action on summary judgment is "rarely appropriate." Beddingfield, supra. At the pretrial conference the parties advised the court that there

were two witnesses to this accident who will be available to testify at trial. In addition, the plaintiff has personally witnessed the scene of the accident and is prepared to testify to his opinion of what a reasonable driver in defendant Matthews' position would have seen the vehicle in which decedent was a passenger.[2] The court is therefore faced with three versions of a single story: 1) defendant Matthews' version, in which he avers that he was not negligent; 2) plaintiff Allison's version, in which he avers that Matthews was negligent; and 3) the versions of two witnesses that have not yet been presented to this court. These facts, standing alone, present questions of material facts for the jury to consider and render summary judgment on the pleadings inappropriate under the applicable law as set forth above.

## CONCLUSION

For the foregoing reasons, defendants' motion for summary judgement is **DENIED.**

**DONE and ORDERED** this 21st day of April, 2005.

/s/ Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] See the court's order entered this date on defendants' motion to exclude plaintiff's expert testimony, for an explanation of the extent to which plaintiff will be allowed to testify.